## HUDSON COUNTY CIRCUIT COURT.

JOSEPH GENATT. ADMINISTRATOR AD PROSEQUEN-
DUM OF JOSEPH GENATT, JR., DECEASED, PLAIN-
TIFF, v. ADOLPH BENTZ, DEFENDANT.

**Negligence—Death of Boy Nine Years Old Through Contact With Vicious Dogs—Damages Held Excessive—Measure of Damages In Such Case Considered and Verdict of $10,200 Reduced to $3,500.**

For the plaintiff, *George T. Vickers* (of *Lazarus, Brenner & Vickers*).

For the defendant, *Edward A. Markley* and *Edward Hollander*.

ACKERSON, J. This matter comes before me upon a rule to show cause why the verdict of $10,200 in favor of the plaintiff should not be set aside and a new trial granted.

The reasons urged in support of the rule are, that the verdict is excessive and against the weight of the evidence, and the result of passion, prejudice or mistake.

I am unable to agree that the verdict is against the weight of the evidence, but I do believe that the verdict is grossly excessive.

The boy, whose death resulted in this suit, was nine years and two months of age at the time of his death. He was a school boy, and during vacation had helped a peddler two or three days a week, for which he received fifty cents a day and a little more on Saturday.

An examination of the precedents discloses that the range of compensation in such cases in the Supreme Court from the year 1902 has been $1,000 for the death of a boy four years and four months of age in the case of *Graham* v. *Consolidated Traction Co.*, 65 *N. J. L.* 540, to $3,000 in the year 1925 for the death of a boy four years and eight months of age in the case of *Brew* v. *Davidson*, 128 *Atl. Rep.* 613.

It would seem, therefore, that the Supreme Court has made allowance for the depreciating value of the dollar over a range of twenty years, and that the rulings of the Circuit Courts upon the subject of damages in similar cases should be in harmony with the rulings of the Supreme Court.

In the case last cited the boy was four years and eight months of age, and if $3,000 was sufficient in such a case, it would seem that for the death of a boy nine years and two months of age a slightly larger sum should be awarded, because the probabilities of a boy ten years of age, being able and willing to contribute to the family purse, is greater than a boy only five years of age. The intervening five years between the ages of five and ten are critical years, and during that time the boy's development will indicate with increasing certainty the characteristics of the boy for energy and ability or for idleness and incapacity.

It may be argued that in the case of *Powers* v. *Standard Oil Co.*, 98 *N. J. L.* 730, a verdict for $5,000 in favor of a girl nine years and four months of age was reduced to $3,000 in the year 1925, and, for that reason, $3,000 is all that should be awarded in the instant case, but, in the case of a girl, the probabilities of her contributing to the family purse are lessened because of the probability of her marrying and being less able to make contributions or as large contributions as a boy.

It seems to me that the character of the injury, which resulted in the death of the plaintiff's intestate in the present case, unduly influenced the jury to award the sum of $10,200. The boy was killed by two, apparently, vicious dogs, under such circumstances as would naturally excite the sympathy of the jury, and for that reason I have reached the conclusion that if the plaintiff will remit $6,700 of the verdict and so indicate on the record within ten days from March 27th, 1926, that the verdict may stand for $3,500, in which case the rule will be discharged, otherwise the rule will be made absolute and a *venire de novo* issued.